UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLORIA SIMMONS,

      Plaintiff,

vs.                                                Case No.: 8:06-CV-01613-JDW-TBM

WASHINGTON MUTUAL
FINANCE, INC. D/B/A PROVIDIAN
FINANCIAL CORPORATION,

      Defendant.
_____/

## ORDER ON MOTION FOR REMAND

**BEFORE THE COURT** is Plaintiff's Motion for Remand (Dkt. 6) and Defendant's Response in Opposition. (Dkt. 8). Upon consideration, Plaintiff's Motion to Remand (Dkt. 6) is **GRANTED**.

Plaintiff filed suit against Defendant in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, alleging a violation of the Florida Consumer Collection Practices Act (FCCPA), Section 559.72, Florida Statutes. Plaintiff seeks damages exceeding Fifteen Thousand Dollars ($15,000.00). (Dkt. 2). Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. (Dkt. 1). Plaintiff has moved to remand, arguing that "[t]here is absolutely no evidence that the damages exceed the jurisdictional limits of the Federal Court...." (Dkt. 6, ¶ 10).

Jurisdiction pursuant to 28 U.S.C. § 1332 requires that the amount in controversy exceed $75,000.00. In determining whether diversity jurisdiction exists, jurisdictional facts are assessed at the time of removal. *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "If the

jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co. Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). As Plaintiff has made an unspecified demand for damages, Defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold requirement. *Id.*

Plaintiff seeks statutory damages, actual damages, attorneys' fees and punitive damages.[1] In the event Plaintiff prevails, the parties agree that the maximum statutory damages recoverable under Florida Statute § 559.77(2) is $1,000.00. (Dkt. 6 at ¶4, Dkt. 8 at p.6). As to actual damages, Defendant argues that the mental anguish damages sought by Plaintiff could alone exceed the amount in controversy threshold. (Dkts. 1, 8). A removing defendant can discharge his burden of showing that the plaintiff's claim meets the amount in controversy requirement by presenting decisions rendered in *comparable* cases. *See e.g., Holman v. Montage Group*, 79 F. Supp. 2d 1328, 1330 (S.D. Ala. 1999) (emphasis added).

The cases relied on by Defendant in which mental anguish damages were awarded included the mishandling of corpses, defamation in the work place, and national origin discrimination. Those cases are not sufficiently comparable. *Post v. Professional Transport Systems, Inc.*, 2005 WL 1004928 (Fla. Cir. Ct. March 9, 2005); *Geddes v. American Airlines*, 2005 WL 517709 (Fla. Cir. Ct. Jan. 21, 2005); *Nader v. U.S. Atty. Gen.*, 2004 WL 1944398 (S.D. Fla. July 26, 2004). Rather, in a

---

[1] Plaintiff alleges in the complaint that she suffered from a mental condition that left her unable to be gainfully employed. (Dkt. 2 at ¶ 6). As a result, she activated her Credit Protection and alleges, therefore, that she did not owe the debt Defendant sought to collect. Thus, Plaintiff concedes that there has been no assertion "[that] Defendant's conduct caused her to be unable to become gainfully employed." (Dkt. 6). Therefore, the Court need not consider any potential lost wages in determining the amount in controversy.

more comparable case, a court in this district awarded $10,000.00 for emotional distress resulting from a defendant's violation of the FCCPA and the Federal Fair Debt Collection Practices Act. *Barker v. Tomlinson*, 2006 WL 1679645, *3 (M.D. Fla. June 7, 2006).

Attorneys' fees are included in the determination of the amount in controversy where, as here, the FCCPA authorizes an award of attorneys' fees. Fla. Stat. § 559.77; *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). Defendant has not, however, suggested any particular range to consider. The lodestar approach (number of reasonable hours expended multiplied by a reasonable hourly rate) is applied in determining reasonable attorneys' fees. *See Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1998); *Burlington v. Dague*, 505 U.S. 557, 559-560 (1992). While Defendant discusses the lodestar, it does not suggest an estimate of either a reasonable hourly rate or the number of hours to be spent by Plaintiff's counsel. *See Harris v. Metro. Life Ins.*, 2005 WL 2897932, *2 (N.D. Fla. 2005) (remanding after defendant did not meet its burden by failing to submit evidence as to reasonable award of attorney fees in insurance dispute).

When calculating attorneys' fees, this Court may rely on its own experience concerning reasonable fees and may form an independent judgment either with or without aids as to value. *Norman*, 826 F. 2d at 1303. Even assuming 100 hours will be spent on this relatively straightforward case, at a rate of $200 to $300 per hour, the resulting fee range would be $20,000.00 to $30,000.00, a range which seems somewhat generous. *See Casden v. JBC Legal Group, P.C.*, 2005 WL 165383, *4 (S.D. Fla. Jan. 7, 2005)(awarding fees of $3,875.00 in a FCCPA and Fair Debt Collection Practices Act case).

Punitive damages are also considered in calculating the amount in controversy in diversity cases, unless "it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co.*

*v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). Under the FCCPA, an award of punitive damages is only appropriate when a defendant's conduct rises above the standard of willfulness, to the level of malicious intent. *Story v. J.M. Fields, Inc.*, 343 So. 2d 675, 677 (Fla. 1st DCA 1977). Malicious intent includes wrongful acts that "evidence a purpose to inflict insult and injury, or are wholly without excuse." *Story*, 343 So. 2d at 677; *see also Chrysler Corp. v. Wolmer*, 499 So. 2d 823, 825 (Fla. 1986) (punitive damages "are warranted only where the egregious wrongdoing of the defendant . . . constitutes a public wrong").

Plaintiff alleges that Defendant's representatives intentionally and willfully harassed Plaintiff in an abusive manner on numerous occasions by attempting to collect a debt that "the Defendant knew the Plaintiff did not owe." (Dkt. 2 ¶ 6). This allegation and the other allegations in the complaint do not demonstrate entitlement to punitive damages. Plaintiff alleges no facts supporting a finding that Defendant acted with malicious intent. *See Tallahassee Title Co. v. Dean*, 411 So. 2d 204 (Fla. 1st DCA 1982). Nevertheless, even if punitive damages are considered, in a case meriting punitive damages, a plaintiff was awarded $10,000.00 for an egregious violation of the FCCPA. *See Barker*, 2006 WL 1679645 at *4.

Defendant's Response in Opposition to Plaintiff's Motion to Remand relies on correspondence from Plaintiff's counsel regarding a settlement discussion that references "potential exposure to a large jury verdict." (Dkt. 8). Settlement demand letters may be considered when ascertaining removability. *See e.g., Deel v. Metromedia Rest. Serv.*, 2006 WL 481667, * 1-2 (N.D. Fla. Feb. 27, 2006) (where demand letter sought $75,000 in damages and referenced fees amounting to $50,000). Here, however, counsel's correspondence provides no basis for concluding that the potentially "large" jury verdict referred to in the letter supports an amount exceeding or even

4

approaching $75,000.00.

Removal statutes are to be construed narrowly and uncertainties are resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Here, defendant has not carried its burden of establishing that the amount in controversy exceeds the jurisdictional threshold. Considering the damages potentially recoverable by Plaintiff, including statutory damages of $1,000.00, $10,000.00 for emotional distress, $10,000.00 in punitive damage, and a generous fee award of $30,000.00, this Court concludes that Defendant has failed to present sufficient evidence that a verdict rendered in favor of the Plaintiff would more likely than not exceed $75,000.00. Notwithstanding, the Court declines to award fees against Defendant. *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996)(discretion to award fees).

Plaintiff's Motion to Remand (Dkt. 6) is **GRANTED**. The Clerk is directed to remand this case to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and to close this case.

**DONE AND ORDERED** in chambers this 22nd day of February, 2007.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

5